UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONY D. NELSON

v.

Case No:   3:16-cv-1434-J-32JBT

UNITED STATES OF AMERICA
_____/

### NOTICE OF SUPPLEMENTAL AUTHORITY – *SKELOS*

COMES NOW the Petitioner, Tony D. Nelson, by and through his undersigned counsel, with the permission of the Court (Doc. 19), and hereby files this Notice of Supplemental Authority, and, in support thereof, states as follows:

1. On September 26, 2017, the United States Court of Appeals for the Second Circuit issued its opinion in *United States v. Dean Skelos,* ___ F.3d ___ (2d Cir. 2017), No. 16-1618-cr (2d Cir. September 26, 2017),[1] reversing the honest services fraud and federal program bribery convictions of the former Majority Leader of the New York State Senate, based on the holding of *McDonnell*,[2] finding (as did the *McDonnell* court), the jury instructions permitted a conviction for otherwise lawful conduct, including a conviction for simply arranging or participating in "meetings." Thus, the *Skelos* decision has direct application to the Nelson conviction.

2. The *Skelos* decision is particularly illuminating, as regards the Nelson prosecution, for reason that, like Nelson, the *Skelos* case involved (1) honest services conspiracy (§§1343 and 1349) and federal program bribery (§666) charges, and (2) jury instructions creating the "charging error in light of *McDonnell*." *Skelos* Order at 2.

---

[1] Page references to *Skelos* will be to the slip opinion (hereinafter referred to as "Order").

[2] *McDonnell v. United States*, 579 U.S. __, 136 S.Ct. 2355 (2016).

3. Like *McDonnell* and *Silver*,³ the jury instruction "invites conviction on acts outside Dean Skelos's official duties as defined by *McDonnell*." Order at 4.⁴ The defects in the jury instructions in *Skelos* are analogous to those delivered in Mr. Nelson's case, such that the holding of the *Skelos* decision applies to Mr. Nelson, and does so with even greater strength, due to the fact *Skelos* truly engaged in traditional "bribes and kickbacks," whereas Mr. Nelson was only charged with providing "access" to himself.

4. The fundamental defect in the *Skelos* jury instructions was that it permitted the jury to convict, based on the definition of "official acts"⁵ as "acts customarily performed by a public official," and even used the "series of steps" basis the Nelson jury was permitted to use to convict. Order at 3.⁶

---

³ *United States v. Sheldon Silver*, 864 F.3d 102 (2d Cir. 2017).

⁴ It cannot be gainsaid that the conduct of Majority Leader Skelos was exponentially more clearly aligned with notions of traditional bribery than the meager facts alleged as to Mr. Nelson. Indeed, Skelos voted on contracts, "push[ed] through county legislation ... to bestow a county-issued contract, and engaged in "efforts to pass state legislation to fund various projects benefitting" the persons bribing him. Order at 10. Thus, the remedy afforded Speaker Silver applies, *a fortiori*, to Mr. Nelson, where this Court has found "that the evidence that Mr. Nelson corruptly provided improper **access** or favor to Young's company, SSI, at the Port was circumstantial and subject to debate ..." Doc. 364 at 4. Of course, respectfully, in addition, "access" is not a lawful or constitutional predicate for an honest services conviction (or for that of its sister statute, §666).

⁵ The "official act" term in *Silva* is synonymous with the "office duties" term in the Nelson Indictment, which asserted Nelson would demand the "**bribe**" "**in return for** being influenced in the performance of his **official duties**." Indictment (Doc. 1), "Manner and Means," at 5, ¶¶C.1 and C.2.

⁶ Importantly, the jury instruction in *Skelos* was not grounded in 18 U.S.C. §201. Indeed, unlike Nelson, who proposed instructions that would have eliminated the *McDonnell* error (and, respectfully, would have thus eliminated the conviction), the defense in *Skelos* proposed no specific instructions. Order at 3. Instead, the trial court came up with a generic instruction, very similar to the Nelson instruction. *Id*. Indeed, the *Skelos* jury instruction terms "decisions or actions" and "series of steps" are virtually identical to the Nelson jury instruction term "transaction." An "action" is defined by Websters as "behavior or conduct," including "unscrupulous actions." Clearly, the term "transaction" in the Nelson jury instructions contemplated the same definition for "action."

5. Moreover, as with Nelson, the "additional instructions ... relating to Hobbs Act extortion and federal program bribery – do not mitigate the breadth of the official act instruction." Order at 4. The same must be said of the additional Nelson instructions.

6. Similarly, the Nelson jury instructions "captured lawful conduct, such as arranging meetings or hosting events." Petition (Doc. 1) at Part C (see especially Part C.(5)) and Reply (Doc. 14) at Part C. Worse yet, and respectfully, as repeatedly noted in his Petition, Mr. Nelson was even further disadvantaged, due to the failure to ever define his "official duties" (the Nelson Indictment term) or his "official act" or "official authority" (the *Skelos* terms). Instead, the jury was permitted to convict Nelson if he merely engaged in a "transaction or series of transactions." Jury Inst. No. 14 (Doc. 333).[7] Respectfully, due to its broad application, the term "transaction" is even more capable of "capturing lawful conduct" (and thus all the more violative of *McDonnell*) than the "*decisions or actions*" terms disapproved in *Skelos*. For the same reason, the Nelson instructions permitted an honest services fraud conviction based on conduct "the Supreme Court has recently held ... deficient." *Skelos* at 3.

7. Nor did the Nelson instructions contain any instruction "that a meeting on its own is not official action." *Skelos* at 5 (citing *McDonnell*).[8]

8. Respectfully, the dual violations of *McDonnell*, that is, (1) an instruction that captured lawful conduct, and (2) the failure to provide "any of the three instructions specified in

---

[7] That defect (addressed throughout Nelson's Petition) was further compounded, because the "transaction or series of transactions" term was grounded in an "access" theory rejected by *McDonnell*. Moreover, as noted in the Petition (at 7, n. 13) the Nelson term, "transaction or series of transactions," was essentially the same as the "series of steps" term found defective in *McDonnell*. and now in *Skelos* (at 3).

[8] Nelson's Petition (Doc. 1), at ¶¶35-40, addressed how his instructions failed to meet any of " the three instructions specified in *McDonnell*," as necessary to prevent an improper verdict.

*McDonnell*, are all the more pronounced, and fatal, when applied to Nelson. That is so because the jury was neither informed (1) of his lawful duties,[9] or – and truly most importantly – that, (2) under both Florida law and the express instructions of his Office of General Counsel, as an <u>appointed</u> public official, Mr. Nelson could <u>lawfully</u> provide Young "access" to himself, and **<u>could lobby his own agency</u>** – as long as he did not vote – which he did not.[10]

9. Lastly, like Nelson, the *Skelos* jury was informed his conduct of taking funds "constituted circumstantial evidence of a "*quid quo pro* for legislative votes." *Skelos* at 5. In defining the mail fraud elements, that is, the "right of honest services ... scheme," the Nelson jury was specifically instructed that the charged mail fraud –

> scheme ... consisted of a <u>bribe</u>, such that ... Nelson ... solicited ... payment ... and that, <u>in return for the payment</u>, Nelson intended to be corruptly influenced or rewarded.

Jury Inst. No. 14, element (2) (Doc. 333) (emphasis added).

10. Clearly, the "in return for" element <u>was</u> a *quid pro quo* element – just as it was in *McDonnell*, *Silver* and *Skelos*.[11] Moreover, as noted, the balance of the instruction allowed a conviction for "lawful conduct." Importantly, the government conceded on appeal there was <u>not</u> evidence of a *quid pro quo*. Petition at 44-45 (¶104) and Exhibit C.

11. In applying *McDonnell*, *Silver* and *Skelos* to Mr. Nelson, it is not only clear that Mr. Nelson's jury instructions were all the more constitutionally defective, but, due to the government's

---

[9] Petition at 7, ¶13, and n. 12; and Petition at 23, ¶62 and n. 29.

[10] Petition at 3, ¶5, and n. 4.

[11] The government has repeatedly (and incorrectly) sought to disavow the reality that Nelson <u>was</u> charged with a *quid pro quo* jury instruction – precisely as their own indictment charged. See n. 3, p. 2, *supra*.

theory of proof and their actual proof, in Nelson, the proper *coram nobis* remedy is to set aside the conviction.[12] As noted, the "access" theory of prosecution has been rejected by *McDonnell*, thus pretermitting any retrial, for reason that no reasonable jury could ever convict, based on the now rejected "access" theory of prosecution. In addition, the government has conceded they had no proof of a *quid pro quo*, which further demonstrates they could never meet that element charged in Jury Inst. No. 14.

      WHEREFORE, it is respectfully requested that Mr. Nelson's Petition be granted.

      Respectfully submitted,

**FALLGATTER & CATLIN, P.A.**

  /s/ Curtis S. Fallgatter
Curtis S. Fallgatter, Esq.
Florida Bar No: 0213225
200 East Forsyth Street
Jacksonville, Florida 32202
(904) 353-5800 Telephone
(904) 353-5801 Facsimile
fallgatterlaw@fallgatterlaw.com
Attorneys for Tony D. Nelson

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically (email: Karin.hoppmann@usdoj.gov) to: Karin B. Hoppmann, Esq., Assistant U.S. Attorney, Office of the United States Attorney, 400 N. Tampa St., Ste. 3200, Tampa, FL 33602, this 10th day of October, 2017.

  /s/ Curtis S. Fallgatter
ATTORNEY

78438

---

[12] The *Skelos* court permitted a retrial, for reason "the Government presented evidence of acts that remain 'official' under *McDonnell*." Order at 5. That cannot possibly be said of the Nelson evidence.